UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KHAM SINGMOUNGTHONG, | ) | 1:09cv1328 DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUPPLEMENTAL PETITION FOR FEES |
| v. | ) | (Document 58) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court on a Supplemental Petition for Attorneys' Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on September 13, 2011, by Plaintiff Kham Singmoungthong ("Plaintiff").

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

**BACKGROUND**

Plaintiff filed his Complaint challenging the denial of benefits on July 29, 2009.

On September 17, 2010, the Court granted Plaintiff's Complaint and remanded the action for further proceedings.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

Plaintiff filed his EAJA fee petition on December 16, 2010. After briefing was completed, the Court, *sua sponte*, ordered the parties to submit additional briefing as to attorney Ralph Wilborn's entitlement to EAJA fees. Specifically, on February 10, 2011, the Court ordered Plaintiff to address whether Mr. Wilborn, who is not a member of the California Bar or the Bar of this Court, was entitled to fees under EAJA.

Plaintiff filed additional briefing on April 4, 2011. Defendant filed a reply on April 6, 2011, indicting that EAJA would not preclude an award of fees under the circumstances.

After a hearing on April 8, 2011, the Court issued a decision on July 13, 2011. The Court found that Mr. Wilborn's involvement was not a "special circumstance" under EAJA that would make an award unjust. The Court awarded a total of $8,236.38 for time spent by both Mr. Wilborn and attorney Sengthiene Bosavanh.

On September 13, 2011, Plaintiff filed this Supplemental Petition, seeking fees for time spent preparing the EAJA reply[2] *and* time spent responding to the Court's request for additional briefing. Plaintiff requests $5,591.73 for time spent in preparation of the EAJA reply. This request is specific to the instant action and relates to work performed by Mr. Wilborn and Ms. Bosavanh.

As for time spent in preparation of the Court-requested briefing, Plaintiff seeks a total of $23,938.69. This amount represents work performed by Mr. Wilborn, Ms. Bosavanh and attorney Linda Ziskin. Plaintiff explains that this work benefitted the three Plaintiffs involved in the additional litigation and suggests that the $23,938.69 either be applied solely to Plaintiff Singmuongthong or divided amongst these three Plaintiffs.[3]

---

[2] The Court recently expressed its preference for including the request for EAJA reply-related fees in the actual EAJA reply, though Plaintiff did not have the benefit of this opinion at the time of filing the EAJA reply. *Belcher v. Astrue*, 1:09cv1234 DLB. The Court explained that its preference did not make the request procedurally improper, though including the request in the reply briefing would save both the resources of the Court and the parties involved. Having already decided the issue, the Court applies the same rationale to this request and finds that it is not procedurally improper.

[3] The other actions involved in the additional fee issue were *VonBerckefeldt v. Astrue*, 1:09cv1927 DLB and *Roberts v. Astrue*, 1:09cv1581 DLB.

Defendant opposed the request on October 26, 2011, and Plaintiff filed a reply on November 9, 2011.

**DISCUSSION**

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

A.   Timeliness of Petition

Defendant first argues that the Supplemental Petition, filed almost one year after the September 17, 2010, judgment, is untimely.

EAJA requires that the party seeking an award "shall, within thirty days of final judgment in the action," submit an application to the Court. 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). In civil cases to which the federal government is a party, the time for appeal does not end until sixty days after entry of judgment. Fed. R. App. P. 4(a). Therefore, to be considered timely, an EAJA petition in Social Security cases must be filed within ninety days of the district court's entry of judgment. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007).

There is no issue as to the timeliness of Plaintiff's first EAJA petition. Rather, the issue has arisen because Plaintiff has chosen to treat this request for EAJA fees as a new motion. To be fair, the fees related to the Court's request for additional briefing could not have been brought in the original application, so the timeliness issue, for practical purposes, is only relevant to the request for fees related to the EAJA reply.

Plaintiff's argument for timeliness is based on the characterization of Court's July 13, 2011, EAJA order as the "judgment" from which the time begins to run. As the application was filed within ninety days of that order, Plaintiff contends that it is timely.

Plaintiff is correct that he could not have brought the request for EAJA reply fees in the original December 16, 2010, petition, filed on the last day of the ninety-day period, because the fees had not yet been incurred. It is not clear, however, whether Plaintiff's decision to engage in a second round of motion practice, rather than request the fees in the EAJA reply, renders the second application timely. In any event, because the Court has determined that this decision was not procedurally improper and, more importantly, because the timeliness of an EAJA application is not jurisdictional, the Court will proceed to the merits. *Hoa Hong Van*, 483 F.3d 603, n. 2.

B.  EAJA Reply Fees

There is no dispute that work performed in preparing an EAJA reply is compensable. Indeed, Defendant's argument that the request is unjust is aimed at the request for fees related to the additional briefing and will be discussed below. As to the time requested for work performed on the EAJA reply, Defendant contends that the requested amount is unreasonable.

Plaintiff requests 29.75 hours for work performed by Mr. Wilborn and 1.4 hours for work performed by Ms. Bosavanh. Plaintiff contends that this time was not related to the additional orders of the Court.

*Mr. Wilborn's Time*

Based on Mr. Wilborn's declaration, he spent a total of 28.50 hours on "Plaintiff's EAJA Response Brief." The Court agrees that this request is excessive, but it also recognizes that the issue of duplication of effort by Mr. Wilborn and Ms. Bosavanh raised in the opposition had not yet been fully addressed by the Court. Nonetheless, 28.50 hours spent researching and drafting a reply is simply unreasonable. Taking into consideration that certain aspects of the opposition raised novel issues relating to Mr. Wilborn's involvement in this action, the Court finds that the time should be reduced to 15 hours.

Mr. Wilborn also requests 1.25 hours spent on August 11, 2011, drafting the portion of this Supplemental Application "that applies to Ralph Wilborn." This description does not

support a finding that this time was related to request for EAJA reply fees, however.  Moreover, as explained in more detail below, the request for EAJA reply fees should not have required a separate round of briefing.  Thus, although the Court allowed reduced fees for time spent in preparation of the actual reply, it will not require Defendant to pay Plaintiff's attorneys' fees where the work performed was unnecessary.

*Ms. Bosavanh's Time*

The declaration submitted in support of Ms. Bosavanh's 1.4 hours shows time billed in March and July 2011, long after the EAJA reply briefing was completed.  Although she submits that this time was not related to the Court's request for supplemental briefing, the fact that it was performed months *after* the January 26, 2011, reply does not support such a finding.  Moreover, the descriptions of the work performed are vague, i.e., "Teleconference with client and interpreter" and "Conference with client re: EAJA matter and interpreter," and do not demonstrate that the work was related to the January 2011 briefing.

Accordingly, Ms. Bosavanh's request for 1.4 hours is denied.

C.   Plaintiff's "Second Application for Supplemental Attorneys Fees"

After the conclusion of Plaintiff's reply briefing, Plaintiff makes a "Second Application for Supplemental Attorneys Fees" for 12 hours of time spent by Mr. Wilborn in preparation of the November 9, 2011, reply.  The reply was related to the instant Supplemental Application.[4]

Plaintiff's attorneys made a similar request in *Belcher v. Astrue*, 1:09cv1234 DLB, where Mr. Wilborn sought fees for work performed in defending a Supplemental Application and preparing a Second Supplemental Application.  On August 30, 2011[5], the Court denied the request:

> Now, Plaintiff comes before the Court yet again to request even more fees. The Court denies the request. First, and as previously suggested by the Court, Plaintiff's decision to seeks fees in an entirely new round of briefing should not render the Commissioner responsible for the fees incurred. Although the Court did allow reduced fees for time spent in preparation of the reply to the original EAJA application, there is simply no basis for allowing fees here. The Court will not require the Commissioner to pay Plaintiffs' attorneys fees where the work performed was simply unnecessary.

---

[4] Plaintiff also requests that this 12 hours be split amongst the three Plaintiffs.

[5] Plaintiff has appealed the August 30, 2011, Order.

5

> Second, absent unusual circumstances, an attorney's entitlement to fees should end with time spent in replying to the initial EAJA application. Allowing Plaintiff to continue to request fees for work performed on supplemental applications would permit a never-ending cycle of EAJA fee requests.

The same rationale applies here. Defendant should not be responsible for fees incurred where the work performed was unnecessary. The 12 hours will not be allowed.

C.      Time Spent in Preparation of Additional Briefing

The bulk of Plaintiff's request relates to work performed in connection with the Court's request for additional briefing. He requests 72 hours for Mr. Wilborn ($12,924.72), 26.7 hours for Ms. Bosavanh ($4792.92) and 34.6 hours for Ms. Ziskin ($6,211.05), for a total of $23,928.69. Plaintiff also requests reimbursement for Ms. Ziskin's expenses incurred in traveling to Fresno for the April 8, 2011, hearing ($432.55).

Defendant opposes any reimbursement for work related to the Court's February 20, 2011, order, arguing that special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant argues that "[i]t would be unjust to make the government pay for time Plaintiff's counsel spent responding to an issue that it did not raise nor contest." Opposition, at 3.

Plaintiff does not believe that Defendant can raise a "special circumstance" at this juncture of EAJA briefing. The Court need not decide, however, whether the request should be denied as unjust. As explained above, fee awards must be *reasonable*. Quite simply, it would be *un*reasonable to hold Defendant accountable for fees related to an issue that it did not raise or contest. The Court raised the licensing issue based on a justifiable concern as to Mr. Wilborn's practice before this Court. Defendant participated minimally in the briefing and at the hearing because he believed that Mr. Wilborn was entitled to recover his fees. As the Court noted at the April hearing, Defendant did not "have a dog in this fight." Opposition, at 3.

Plaintiff attempts to characterize this time as time spent litigating the entitlement to an EAJA fee award, as contemplated by *Comm'r INS v. Jean*, 496 U.S. 154 (1990). In *Jean,* the parties engaged in substantial litigation over EAJA fees. Although the INS conceded that fees for time and expenses incurred in applying for fees are appropriate, it argued that a party is ineligible for such fees unless the Court finds that the INS' position in the fee litigation itself was

6

not substantially justified.  The Court held that a second "substantial justification" finding was not required before EAJA fees are awarded for the fee litigation itself.

There is no issue that Plaintiff is entitled to fees for litigation during the customary EAJA litigation.  However, litigation over fees effectively ends when one party no longer opposes the issues.  Here, it was the Court's inquiry, not any objection by Defendant, that resulted in the continuation of the fee "litigation."

Accordingly, an award for any time spent based on the Court's February 10, 2011, order, will not be allowed.

## **AWARD**

Plaintiff's motion is therefore GRANTED IN PART.  Plaintiff is entitled to an award in the total amount of $2,692.65.  This amount represents 15 hours of work performed by Mr. Wilborn at $179.51 per hour.

This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

IT IS SO ORDERED.

Dated:   **November 15, 2011**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE