1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| KHAM SINGMOUNGTHONG,<br><br>                    Plaintiff,<br><br>            vs.<br><br>MICHAEL J. ASTRUE,<br><br>                    Defendant. | )   1:09cv01328 DLB<br>)<br>)<br>)   ORDER REGARDING MOTION<br>)   FOR ATTORNEY'S FEES<br>)<br>)   (Documents 68 and 70)<br>)<br>)<br>) |

17

18

19

20

21

        Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Kham Singmoungthong, filed the instant Motion for Fees on August 15, 2012.  After Defendant pointed out an error in the original Motion, Counsel filed an Amended Motion on August 29, 2012. Counsel requests fees in the amount of $14,040.25 pursuant to 42 U.S.C. § 406(b)(1).

22

23

24

        In Defendant's August 20, 2012, filing calling attention to Counsel's error, Defendant indicated that because he was not a party to the contingent fee agreement, he is not in a position to analyze the fee request.

25

## BACKGROUND

26

27

28

        Plaintiff filed this action on July 9, 2009.  On September 17, 2010, the Court granted the appeal and remanded the action for further proceedings.

1

On July 13, 2011, the Court granted attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,236.38.  After additional litigation on the fee issue, the Court granted an additional $2,692.65 in EAJA fees on November 16, 2011, for a total EAJA award of $10,929.03.

On June 16, 2012, the Commissioner issued a notice indicating that Plaintiff's retroactive benefits totaled $56,161.00.  Exhibit 3, attached to Motion.

By this motion, Counsel seeks an award of $14,040.25 for 59 hours of attorney time.[1] This amount is equal to 25 percent of the past-due benefit award.  After crediting $10,929.03 received previously pursuant to the EAJA, Counsel requests a net fee of $3,111.22 from the past-due award.

### DISCUSSION

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases."  The Court must respect "the primacy of lawful attorney-client fee agreements," *id*. at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness."  *Id*. at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of

---

[1] Both Sengthiene Bosavanh and Ralph Wilborn performed work on the action, though under their agreement, Mr. Wilborn is not entitled to any 406(b) fees.  Declaration of Sengthiene Bosavanh, ¶ 5.

the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  *Id*. at 808.  Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable.  In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases.  *Crawford*, 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance.  Counsel is an experienced, competent attorney who secured an extremely favorable result for Plaintiff.  There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay.  Finally, Counsel requests an amount equal to the 25 percent contingent-fee that Plaintiff agreed to at the outset of the representation.  Exhibit 1, attached to Motion.  The $14,040.25 fee ($3,111.22 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $56,161.00.  In making this determination, the Court recognizes the contingent nature of this case and Counsel's

assumption of the risk of going uncompensated.  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Ms. Bosavanh and Mr. Wilborn submitted detailed billing statements in support of this fee request.  Exhibit 4, attached to Motion.

## **ORDER**

Based on the foregoing, Counsel's section 406(b) Application is GRANTED in the amount of $14,040.25.[2]  This amount should be payable directly to Counsel.  Upon payment, Counsel is directed to refund $10,929.03 to Plaintiff.

IT IS SO ORDERED.

Dated:   **December 6, 2012**                    /s/ *Dennis L. Beck*

                                        UNITED STATES MAGISTRATE JUDGE

---

[2]  The Court notes that Plaintiff appealed the November 16, 2011, Order awarding $2,692.65 in supplemental EAJA fees.  If the appeal is granted and the Court reevaluates the supplemental EAJA award, the Court will revisit the 406(b) award.